HAYS, appellant, v. GOURLEY, administrator, etc.

*Will — vesting of estate.*

A testator, after directing his whole estate to be turned into money, and invested, devised and bequeathed unto his three children all his estate, both real and personal, to be equally divided. between them, share and share alike, upon the event of the death of the testator's wife. *Held* (1), that the will was to be construed as a will of personal property; and (2), the gift to the children was immediate, the time of payment, or of enjoyment, only being postponed.

APPEAL from a decree of the surrogate of the city and county of New York, entered October 3, 1873, "In the matter of the final accounting of John Adams, administrator, with the will annexed, etc., of John Hays, deceased," whereby the payment of balance of the decedent's estate was ordered to be made to the

respondent William Gourley, as administrator of the decedent's widow, and to appellant Archibald Hays, as his brother and next of kin. The cause was argued and submitted on an agreed statement of facts, which is embodied in the opinion.

*John P. Reed, Jr.*, for appellant. The will creates an express trust in the executors; it was not necessary to use the word "trust." *Vail* v. *Vail*, 7 Barb. 227; *Fisher* v. *Fields*, 10 Johns. 495 ; *Leggett* v. *Perkins*, 2 N. Y. 297; *Craig* v. *Craig*, 3 Barb. 76; 2 Jarman on Wills, 147, etc. ; *Doe* v. *Howland*, 8 Cow. 277; 2 Kent Comm. (5th ed.) 419. The widow took only a life interest in the income, and the object of the trust having passed away, the next of kin of the testator is entitled. *Carmichael* v. *Carmichael*, 4 Keyes, 359; *Wheaton* v. *Andress*, 23 Wend. 452; *Vanderzee* v. *Vanderzee*, 30 Barb. 336. The decisions before the Revised Statutes took effect, in 1830, are to be considered, as no words of inheritance are used. *Van Alstyne* v. *Sparker*, 13 Wend. 578; *Burlingham* v. *Belding*, 21 id. 463 ; *Jackson* v. *Wells*, 9 Johns. 222; *Jackson* v. *Embler*, 14 id. 198; *Ferris* v. *Smith*, 17 id. 221; *Olmstead* v. *Olmstead*, 4 N. Y. 56 ; *Mesick* v. *New*, 7 id. 163 ; *Campbell* v. *Rawdon*, 18 id. 416.

*Cassedy & Brown*, for respondent. The children took a vested estate upon the death of the testator. 1 Roper on Legacies, 376, 387–393. The uncertainty of the right to the enjoyment, and not the uncertainty of the enjoyment in future, marks the difference between a vested and contingent interest. Redfield on Wills, 594; 1 Jarman on Wills, 760; *Gilman* v. *Reddington*, 24 N. Y. 9 ; *Everitt* v. *Everitt*, 29 id. 75. Words directing division or distribution are equivalent to a direction to pay. 29 N. Y., *supra*. The *division* of the estate, *only*, is postponed until after the death of the mother. The bequest of the residue of a property is construed as conveying a vested interest. 2 Redfield on Wills, 615–617 ; *Conklin* v. *Moore*, 2 Bradf. 179; *Phyfe* v. *Phyfe*, 3 id. 45 ; *Barker, Ex'r, etc.*, v. *Woods*, 1 Sandf. Ch. 129; 2 Wms. on Ex'rs, 776; *Crosby* v. *Wendell*, 6 Paige, 548; *Patterson* v. *Ellis*, 11 Wend. 260. The property in question is exclusively personal property, and no words of inheritance were ever necessary.

WESTBROOK, J. The question which this cause presents is this: Do the next of kin of the husband, James Hays, deceased, or of

the wife, Elizabeth Hays, deceased, succeed to the estate owned by the husband at the time of his death ?

James Hays died in the city of New York, in the year 1828, leaving a last will and testament, which was duly admitted to probate by the surrogate of New York, January 16, 1829. He left surviving him his widow, Elizabeth Hays, and his three children, William, Mary and James. The will directed that his executors should turn his estate into money, invest it, "as in their judgment they may deem best," "the proceeds, rent, income, or interest" to "be employed and used for the support and maintenance" of his said wife, Elizabeth, and his three children, William, Mary and James, "and for the education of said children."

It next provided that each of the children, on arriving at the age of twenty-one, or at the time of marriage, if such marriage was with the consent of the mother, if living, should receive the sum of $1,000.

The next clause of the will was as follows: "I will, devise and bequeath unto my said children, William and Mary and James, all my estate, both real and personal, of all kinds whatsoever, to be equally divided between them, share and share alike, upon the event of the death of their mother, my said wife, Elizabeth."

The mother of the children and wife of the testator, Elizabeth Hays, outlived all the children, and departed this life in the city of New York in the year 1870. The children, James and Mary, died before their brother William, unmarried, without issue and intestate. William also died intestate, without issue, leaving no widow, brother or sister.

The appellant is the brother of the testator, James Hays, and claims the property as his next of kin. The respondent is the administrator of Elizabeth Hays, deceased, and claims it for the benefit of her estate. The executors of the will of James Hays, deceased, are all dead. One John Adams was appointed administrator, with the will annexed of said James Hays, deceased, and applied for a final settlement of his accounts. Pending such accounting he also died, and his executor, Allen H. Adams, continued the accounting.

Upon such accounting the executors of Elizabeth Hays, deceased, insisted that, under the statute of distributions, the mother of the deceased children took all the property as their next of kin. On the other hand, the appellant claimed that the estate of James Hays,

deceased, never vested in the children at all; that the title thereto was in the executor of the will of James Hays, deceased, and that consequently nothing whatever passed to the mother, but that the whole estate descended to him as the next of kin to the father. The surrogate took the former view, and the brother of the father brings this appeal.

As the whole estate was to be turned into money, the will is, of course, to be construed as a will of personal property. The only question to be disposed of is this : Did the estate vest in the children by the terms of the will immediately upon the death of the testator ? If it did, the decision of the surrogate was right. In *Everitt* v. *Everitt*, 29 N. Y. 39, on page 75, DENIO, Ch. J., thus states the rule which governs this case : "The leading inquiry upon which the question of vesting or not vesting turns is, whether the gift is immediate and the time of payment or of enjoyment only postponed, or is future and contingent, depending upon the beneficiary arriving of age, or surviving some other person, or the like."

The clause of the will, quoted above expressly wills, devises and bequeathes all his estate, both real and personal, to the children, and only postpones the division of the property "upon the event of the death of their mother." "The gift," to use the language of Judge DENIO, "is immediate and the time of payment or of enjoyment only is postponed."

It follows that the decree of the surrogate was right, and should be affirmed with costs of appeal to be paid by appellant.

DAVIS, P. J., and DANIELS, J., concurred.

*Decree affirmed.*